IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2026-FL

| | | |
|---|---|---|
| HARRY PURVIS BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LEWIS GRAY, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came before the court on the motion for summary judgment (DE 5) pursuant to Federal Rule of Civil Procedure 56 of respondent Lewis Gray ("respondent"). Also before the court is petitioner's motion to appoint counsel (DE 10). The issues raised were fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment and denies petitioner's motion to appoint counsel.

**STATEMENT OF CASE**

On April 19, 2006, petitioner pleaded guilty, in the Craven County Superior Court, to felony possession of five or more counterfeit instruments with the intent to injure or defraud, pursuant to N.C. Gen. Stat. § 14-119(b). Petitioner also admitted to having attained the status of a habitual felon pursuant to N.C. Gen. Stat. § 14-7.1. Resp't's Ex. 1. The trial court sentenced petitioner in the mitigated range to a term of one hundred ten (110) to one hundred forty-one (141) months imprisonment. Id. Exs. 1, 2. Petitioner did not file a direct appeal.

On October 11, 2012, petitioner filed a *pro se* pleading captioned "Motion for Retroactive Status" in the Craven County Superior Court Id. Ex. 3. On October 15, 2012, the superior court construed petitioner's filing as a motion for appropriate relief ("MAR"), and denied the motion finding that the "the motion set[] forth no probable grounds for the relief requested, either in law or fact." Id. Ex. 4. On October 31, 2012, petitioner filed a second MAR in the superior court, which was denied on December 11, 2012. Id. Exs. 5, 6.

On January 23, 2013, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the December 1, 2009, amendments to the North Carolina Structured Sentencing Act ("SSA") and the 2011 amendments to the Justice Reinvestment Act ("JRA"). Respondent subsequently filed a motion for summary judgment, which was fully briefed. On August 6, 2013, petitioner filed a motion to appoint counsel.

**DISCUSSION**

A.  Motion to Appoint Counsel

There is no constitutional right to counsel in habeas corpus actions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas corpus proceeding if it determines that "the interests of justice so require." At this point, the court does not perceive issues of great legal complexity, and therefore the interests of justice do not mandate the appointment of counsel. Accordingly, petitioner's motion to appoint counsel is DENIED.

2

B.  Motion For Summary Judgment

   1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies

the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

2. Analysis

a. 2009 SSA Amendments

Respondent argues that petitioner's challenge to the 2009 amendments to the SSA are time-barred. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual

4

>             predicate of the claim or claims presented could have been
>             discovered through the exercise of due diligence.

Id.

Respondent asserts that § 2244(d)(1)(D) provides the appropriate statute of limitation accrual date in this action. The statute of limitation period is triggered pursuant to § 2244(d)(1)(D) on the date which the exercise of due diligence would have led the petitioner to discover the factual predicate of his claim. Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008) (citing Wade v. Robinson, 327 F.3d 328, 331 (4th Cir. 2003)). In evaluating a petitioner's diligence, a court must consider that the "statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005).

The SSA amendments became effective on December 1, 2009. See N.C. Sess. Laws 556, § 2 ("This act becomes effective December 1, 2009, and applies to offenses committed on or after that date.") Accordingly, the statute of limitations period began to run on December 1, 2009, and ran for three hundred and sixty-five (365) days until it expired on December 1, 2010, which was prior to the date petitioner filed this action on January 23, 2013.

As a defense to the running of the statute of limitations, petitioner asserts that he did not discover the factual predicate of this claim until he was recently transferred from a close custody prison to a minimum security prison. Petitioner does not provide the date upon which he discovered the factual predicate of his claim. Nor does petitioner provide any factual support for his contention that he could not discover the claim until he was transferred from close to minimum custody. Further, the Fourth Circuit has held that the time within which to bring a habeas claim began to run when the "factual predicate" of the claim could have been discovered through "public sources." Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003); see also, Green, 515 F.3d at 305 (finding that

5

the limitations period begins to run when a petitioner could have discovered the factual predicate of his claim through public sources). Petitioner could have discovered his claim through public sources when the SSA became effective on December 1, 2009. Therefore, petitioner is not entitled to a later limitations period commencement date on this ground.

Petitioner alternatively contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner claims he is entitled to equitable tolling because he did not have access to a law library and because he did not have legal experience. These contentions do not constitute exceptional circumstances for the purposes of equitable tolling. See Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); Harry v. Johnson, No. 2:06cv28, 2006 WL 3299992, *3 (E.D. Va. 2006) (stating that delays due to seeking legal advice and related allegations of inadequate prison law libraries are not sufficient extraordinary

6

circumstances for equitable tolling). Based upon the foregoing, petitioner is not entitled to equitable tolling. Because petitioner has not demonstrated that he is entitled to equitable tolling, his challenge to the 2009 SSA amendments is time-barred.[1]

        b.        2011 JRA Amendments

Petitioner argues that N.C. Gen. Stat. § 15A-1415(b)(7) applies to make the JRA retroactively applicable. Petitioner also alleges that the state court's refusal to apply the JRA amendments retroactively violate his right to equal protection of laws in violation of the Fourteenth Amendment to the United States Constitution. Finally, petitioner alleges that the state court's failure to apply the JRA retroactively contravene's "current standards and mores" in violation of the Eighth Amendment to the United States Constitution. Resp't's Mem. Ex. 5, p. 4. Petitioner raised these claims in his second MAR and the MAR court denied them.

The court begins with petitioner's claim that N.C. Gen. Stat. § 15A-1415(b)(7) applies to make the JRA retroactively applicable. Habeas corpus relief is available to a state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); <u>Hailey v. Dorsey</u>, 580 F.2d 112, 115 (4th Cir. 1978). "[Federal] habeas corpus relief does not lie for errors of state law." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991). Additionally, even if this issue was in the purview of federal habeas corpus, the JRA specifically states that it is prospectively only and does not apply to offenses committed prior to its effective date. <u>See</u> N.C. Gen. Stat. § 14-7.6 (2011). Moreover, courts generally presume that "legislation, especially of the criminal sort, is not to be applied retroactively" unless the legislature clearly

---

[1] Even if this claim were not time-barred, it would be denied on the merits for the same reasons set forth below in connection with his JRA claim.

7

requires otherwise. Johnson v. United States, 529 U.S. 694, 701 (2000); Dockins v. Hines, 374 F.3d 935, 940 (10th Cir. 2004) ("[W]e have repeatedly refused to find a federal constitutional right to retroactive application of the more lenient sentencing rules from which Petitioner seeks to benefit.")

Petitioner next argues that the state court's refusal to apply the JRA retroactively violates his rights pursuant to equal protection of the laws because some state courts have applied the JRA retroactively to other offenders who committed their offenses before the JRA became effective. The mere fact, however, that two offenders received different sentences for the same offense does not violate the Equal Protection Clause. United States v. Avalos, 462 F. App'x 378, 381 (4th Cir. 2012). Rather, "[a] criminal sentence violates the Equal Protection Clause 'only if it reflects disparate treatment of similarly situated defendants lacking any rational basis.'" Id. (quoting United States v. Pierce, 409 F.3d 228, 235 (4th Cir. 2005))

Petitioner, in support of his equal protection claim, attached state court orders retroactively applying the SSA or JRA and reducing the sentences of three separate inmates. These offenders, however, were not similarly situated to petitioner. None of the offenders who received the benefit of the SSA or JRA were convicted of the same offense as petitioner, and it is unclear whether any of the other offenders shared a similar criminal history with petitioner. Accordingly, the court finds that the offenders receiving the benefit of the SSA or JRA were not similarly situated to petitioner and that is no equal protection violation. See United States v. Chandia, 675 F.3d 329, 342 (4th Cir. 2012) (stating that "comparing the sentences of other defendants with dissimilar offenses, circumstances, and criminal histories is unavailing") (citing United States v. Abu Ali, 528 F.3d 210, 267 (4th Cir. 2008)).

Finally, the court considers petitioner's claim that the state court's refusal to apply the JRA retroactively to petitioner's sentence violated the Eighth Amendment because its contravenes current standards and mores. Resp't's Mem. Ex. 5, p. 5. Petitioner bases his argument on the United States Supreme Court's ruling in Graham v. Florida, 560 U.S. 48 (2010), which held it was a violation of the Eighth Amendment's ban on cruel and unusual punishment to sentence juvenile offenders under the age of eighteen (18) years of age who did not commit homicide to life imprisonment without the possibility of parole. Id. at 82. Graham, however, is inapplicable to this action because petitioner was thirty-four (34) years old and not a juvenile when he was sentenced. Nor was petitioner sentenced to life imprisonment without the possibility of parole.

Other Supreme Court precedent additionally does not support petitioner's proportionality claim. For instance, in Harmelin v. Michigan, 501 U.S. 957 (1991), the Court held that the Eighth Amendment does not contain a proportionality guarantee. "Rather, it forbids only extreme sentences that are grossly disproportionate to the crime." Id. at 1001 (citing Solem v. Helm, 463 U.S. 277, 288 (1983)). "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Rummel v. Estelle, 445 U.S. 263, 272 (1980).

Petitioner's sentence of one hundred ten (110) to one hundred forty-one (141) months imprisonment for the instant offense and his habitual felon status is not more extreme or disproportionate than other sentences previously upheld under the Eighth Amendment, particularly in light of the total maximum punishment of two hundred seventy-six (276) months. Cf. Lockyer v. Andrade, 538 U.S. 63 (2003) (upholding two consecutive terms of twenty-five years to life for two counts of petty theft under California's "three strikes" law); Harmelin, 501 U.S. at 996

9

(upholding sentence of life without possibility of parole for first felony offense consisting of possession of six hundred seventy-two (672) grams of cocaine).

Based upon the foregoing, the court finds that petitioner has not shown that the state court's rejection of these claims reached a result contrary to, or involved an unreasonable application of, clearly established federal law. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)(e) (2006). Accordingly, the court grants summary judgment to respondent.

C.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a

10

constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 5) is GRANTED. The certificate of appealability is DENIED. Petitioner's motion to appoint counsel (DE 10) is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 25th day of February, 2014.

LOUISE W. FLANAGAN
United States District Judge